**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:17-cv-20018-GAYLES/ OTAZO-REYES**

DAVID JIA,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI, a not-for-profit corporation; ANGELA CAMERON; KATHARINE WESTAWAY, in her official and individual capacities; and WILLIAM ANTHONY LAKE, in his official and individual capacities,

    Defendants.
_____/

**MOTION TO DISMISS AMENDED COMPLAINT BY**
**DEFENDANTS, UNIVERSITY OF MIAMI AND WILLIAM ANTHONY LAKE**

    Defendants, University of Miami (the "University") and William Anthony Lake ("Lake"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 15(a)(3), hereby move to dismiss the Amended Complaint and Demand for Jury Trial (the "Amended Complaint") (D.E. 37) filed by Plaintiff, David Jia, for failure to state a claim. Like the original Complaint (D.E. 1), the Amended Complaint suffers from numerous technical deficiencies that warrant dismissal: it is not signed, does not contain a certificate of service and inconsistently identifies which defendants are sued in each count. In addition, the Amended Complaint fails to cure the factual and legal deficiencies in the original Complaint: it contains claims that fail to satisfy applicable pleading requirements, are time-barred by the statute of limitations and/or fail based on the Amended Complaint's own allegations. For all of these reasons, the Amended

Complaint should be dismissed. Because this is Plaintiff's second attempt to state his claims, the dismissal should be with prejudice.

## INTRODUCTION

I.  **FACTUAL ALLEGATIONS OF AMENDED COMPLAINT**

In his 45-page, 182-paragraph Amended Complaint, Plaintiff has attempted to craft a storyline that is as salacious as it is long. Many of the allegations are intentionally sensational and demonstrably false. Notwithstanding, the allegations relevant to this Motion are summarized below.

Plaintiff formerly was a student at the University, which is a "private institution of higher education" in Miami-Dade County, Florida. (Am. Compl. ¶¶ 1, 2.) Plaintiff alleges that Lake is a "University investigator" who was employed at the University at "all materials times." (*Id*. ¶¶ 5, 54.) Plaintiff further alleges that all of Lake's alleged acts and omissions occurred while he was "acting with [sic] the course and scope of his employment" with the University and that the University "is vicariously liable" for such acts and omissions. (*Id*. ¶¶ 179-180.) Plaintiff alleges that Defendant, Katharine Westaway ("Westaway"), is a "University professor" who was employed by the University at "all materials times." (*Id*. ¶ 3, 74.) Plaintiff further alleges that all of Westaway's alleged acts and omissions occurred "within the course and scope of her employment at the University and that the University "is vicariously liable" for such acts and omissions. (*Id*. ¶¶ 126, 163, 167, 168.) Finally, Plaintiff alleges that Defendant, Angela Cameron ("Cameron"), is a student at the University. (*Id*. ¶ 4.)

According to Plaintiff, this case arises out of the University's decision - - based on "pressure from governmental agencies" - - "to take unlawful and gender-based disciplinary action"

against Plaintiff. (Am. Compl. ¶ 16.)[1] The disciplinary action arose out of Cameron's accusations that Plaintiff sexually assaulted her on April 11, 2014. (*Id*. ¶¶ 34-51.) Following an investigation and final hearing in June 2014, Plaintiff was suspended from the University for one semester. (*Id*. ¶ 69.) Plaintiff appealed that decision, but the decision was upheld. (*Id*. ¶¶ 71-72.) Plaintiff alleges that the University's investigation into Cameron's allegations and the disciplinary process violated his due process rights. (*Id*. ¶ 70.)

Following the investigation, Plaintiff alleges that Cameron and Lake "spoke out to" the Miami Hurricane (the University newspaper) regarding the June 2014 hearing and, on December 4, 2014, an article was published. (Am. Compl. ¶¶ 74-76.) Plaintiff "was not mentioned by name" in the article. (*Id*.) Westaway also published the article on her personal website.

Plaintiff returned to the University for the Spring 2015 semester. (Am. Compl. ¶ 77.) At that time, according to Plaintiff, "there was already a movement started by Katherine Westaway and Angela Cameron to make [Plaintiff's] life on campus a living hell." (*Id*.) In April 2015, Cameron accused Plaintiff of physically assaulting her on two separate occasions. (*Id*. ¶¶ 78-82.) Investigations by the University and the local police department concluded that Cameron's claims were "unfounded." (*Id*. ¶¶ 100-101.) Notwithstanding, Westaway and Cameron, "along with a student organization called 'Canes Consent,'" continued to claim that Plaintiff physically assaulted Cameron. (*Id*. ¶¶ 83-84.) To that end, they held an event and started an online petition to attempt to have Plaintiff expelled from the University. (*Id*.)[2] Plaintiff alleges that the Miami Hurricane

---

[1]     Plaintiff's Amended Complaint contains more than 20 paragraphs regarding the government's alleged concern with enforcement of Title IX and alleged gender basis that has resulted at universities. (Am. Compl. ¶¶ 13-34.) These allegations, however, are not incorporated into *any* of Plaintiff's claims - - including, most importantly, his Title IX claims. (*See* Am. Compl. ¶¶ 134, 139, 146.)

[2]     Plaintiff conclusively alleges that "the University was involved in the event described above as the University had to approve such event by signing a Coral Gables Campus Revocable

3

"released an article promoting the petition." (*Id*. ¶ 89.) A review of the short article, however, shows that it merely reported on the petition's existence. (*See id*.)[3]

On April 24, 2015, Cameron filed a sworn petition in Miami-Dade County circuit court to obtain a temporary restraining order against Plaintiff and ultimately was granted one. (Am. Compl. ¶ 91; D.E. 37-1 at 15-30.) .Plaintiff alleges that Westaway spoke to a local news channel about the petition "to further attempt to, in bad faith, bash [Plaintiff's] reputation." (Am. Compl. ¶ 94.) Plaintiff further alleges that "numerous other news and media outlets began publishing articles" about Plaintiff's disciplinary history and that, "[a]ccording to various representatives from these news and media outlets," "Westaway made frequent phone calls to them, providing information about [Plaintiff] and the petition." (Am. Compl. ¶ 95.)

Plaintiff alleges that, despite the fact that the University's investigation into Cameron's complaints concluded that they were "unfounded," Westaway "continued to promote" Cameron's story and called on students to protest Plaintiff's "walking during his graduation." (Am. Compl. ¶ 98.) Notwithstanding, Plaintiff was, in fact, permitted to walk at graduation. (*Id*. ¶¶ 93, 99.) Plaintiff alleges that, as a result of these events, Westaway was "fired" by the University and Lake

---

Agreement for Use of University Facilities" and purports to attach a copy of that agreement as Exhibit 3 to his Amended Complaint. (Am. Compl. ¶ 85; D.E. 37-1 at 14.) That agreement, however, is not completed or signed by the University; it is blank. It is well-established that documents attached to or incorporated into a complaint by reference control over contradictory allegations. *Principal Bank v. First Am. Mortg., Inc.*, No. 2:10-CV-190-FTM, 2014 WL 1268546, at *2 (M.D. Fla. Mar. 27, 2014) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) and *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009)). Therefore, the Court properly may disregard Plaintiff's allegation regarding the University's purported involvement.
[3]     Tellingly, Plaintiff attached a copy of the referenced article to his original Complaint (D.E. 1-2 at 75-76) but purposely did not attach a copy to his Amended Complaint, as a review of the article undercuts his inaccurate characterization of it. The Court, however, properly may consider the article in ruling on the instant Motion, as Plaintiff specifically referenced the article in his complaint and the article is central to his claim. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed. Appx. 802, 808 (11th Cir. 2015) (citing *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005)).

4

"was asked to resign." (*Id.* ¶ 109.) Plaintiff alleges that the aforementioned events have caused "emotional stress, anguish, and embarrassment." (*Id.* ¶ 110.)

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action on January 3, 2017. (D.E. 1.) In his original Complaint, Plaintiff alleged seventeen counts against Defendants based, in substantial part, on the same allegations summarized above. (*Id.*) The University and Lake moved to dismiss on multiple bases. (D.E. 14.) Westaway also moved to dismiss. (D.E. 23.) Thereafter, Plaintiff filed two motions to extend the time to respond to the motions to dismiss (D.E. 25, 27), which the Court granted (D.E. 26, 31.) Ultimately, instead of responding, Plaintiff moved for leave to file an amended complaint (D.E. 33), which the Court granted (D.E. 34). Plaintiff filed the operative Amended Complaint on May 12, 2017. (D.E. 37.)[4]

## ARGUMENT

Plaintiff's Amended Complaint suffers from numerous deficiencies that warrant dismissal. As a technical matter, the Amended Complaint should be dismissed (or stricken) because it is not signed by Plaintiff's attorneys and does not contain a certificate of service, in violation of applicable rules. Further, as with the original Complaint, the Amended Complaint (in some instances) alleges counts against certain Defendants but then demands judgment against different Defendants within the same count. Beyond these errors, the Amended Complaint fails to allege plausibly most of Plaintiff's claims. Further, in many instances, the allegations make clear that Plaintiff's claims necessarily fail based on the statute of limitations and well-established law

---

[4]   Cameron was not served with initial process until April 27, 2017. (D.E. 32.) Cameron moved for an extension of time to respond to the Amended Complaint (D.E. 39), which the Court granted (D.E. 40). Westaway also has moved for an extension of time to respond to the Amended Complaint (D.E. 43); that motion remains pending.

5

governing Plaintiff's claims. Given that Plaintiff has had ample opportunity to state his claims but has failed to do so, dismissal with prejudice is appropriate.

## I. LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986) and *Iqbal*, 556 U.S. at 678).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). A complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan*, 2014 WL 6979625, at *1 (citing *Iqbal*, 556 U.S. at 678).

## II. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10 AND 11 AND S.D. FLA. LOCAL RULES.

Fed. R. Civ. P. 11(a) provides, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Similarly, Section 3(J) of the CM/ECF Administrative Procedures for the Southern District of Florida provides that a "document filed electronically . . . shall be signed" by

the filing attorney. Further, Section 3(K)(4) requires that all filings include a certificate of service, which shall "state the manner in which service or notice was accomplished on each party." A pleading that fails to comply with these requirements properly is dismissed or stricken. *See, e.g.*, *Broad. Music, Inc. v. Blood Hound Brew, LLC*, No. 614CV1705ORL22KRS, 2014 WL 12623799, at *1 (M.D. Fla. Dec. 3, 2014) (striking pleading that was not signed in compliance with Fed. R. Civ. P. 11); *Clarke v. Health & Human Servs.*, 180 Fed. Appx. 840, 842 (11th Cir. 2006) (affirming district court's decision not to accept filings that did not comply with S.D. Fla. Local Rules); *Boston v. Allstate Prop. & Cas. Ins. Co.*, No. 15-CIV-20962, 2015 WL 13134478, at *3 (S.D. Fla. July 9, 2015) (denying motion because it failed to comply with the Local Rules).

Here, the Amended Complaint is not signed by Plaintiff's counsel and does not contain a certificate of service.[5] (*See* D.E. 37 at 44-45.) Instead, the Amended Complaint contains an unsigned/undated signature block and a certification that "this brief comply [sic] with the front [sic] requirements of Florida Rule of Appellate Procedure 9.210(a)." (*Id*.) That certification similarly is unsigned. (*Id*.) As set forth above, the Court should dismiss or strike the Amended Complaint because of these deficiencies.

Further, the Complaint violates Fed. R. Civ. P. 10, which requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." A complaint "must make it possible 'to know which allegations of fact are intended to support which claim(s) for relief.'" *Am. Cas.*, 2013 WL 12156519 at *1 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "Neither the Court, nor the Defendants, should be required to 'sift through the facts presented and decide for [itself] which are material to the

---

[5]   This is particularly important in this case, as several of the parties (Westaway and Cameron) are proceeding *pro se*.

particular cause of action asserted.'" *Id.* (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds &Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002)). Here, there are several instances in which the various Counts of the Amended Complaint are internally inconsistent. For example, Count II purports to be a claim for defamation against Westaway and the University; however, the WHEREFORE clause only seeks judgment against the University. (D.E. 37 at 29-30.) Similarly, Count X purports to be a claim for conspiracy against Westaway and Cameron, and the WHEREFORE clause demands judgment against both of them; however, the allegations within that Count also allege, in a conclusory manner, that the University and "all Defendants" engaged in a "civil conspiracy." (D.E. 37 at 42-43.)[6] Neither the Court nor the Defendants should be required to sift through Plaintiff's 45-page Amended Complaint and guess as to which counts are alleged against which Defendants. The Amended Complaint, as pled, simply cannot stand.[7]

## III.     COUNTS IV, V AND VI FAIL TO STATE A CLAIM FOR VIOLATION OF TITLE IX AGAINST THE UNIVERSITY.

In Counts IV, V and VI, Plaintiff attempts to state claims against the University for alleged violations of Title IX: hostile environment, deliberate indifference and erroneous outcome,

---

[6]     To the extent Plaintiff intended to assert this claim against the University and/or Lake, he has failed to state a claim. A conspiracy claim must "plead with the requisite specificity 'the required who, what, where, when, how of the alleged conspiracy.'" *In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758, 777 (Bankr. S.D. Fla. 2013) (quoting *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011)). Conclusory allegations of a conspiracy - - like those pled here - - are insufficient to state a claim. *Id.* Further, it is well-established that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (affirming dismissal of a conspiracy claim pursuant to the intra-corporate conspiracy doctrine). Here, the alleged conspiracy would be among the University, Lake and Westaway - - a corporation and its employees who Plaintiff has alleged were working within the course and scope of their employment. For all of these reasons, Plaintiff has failed to state a conspiracy claim.

[7]     Plaintiff's original Complaint also contained these errors. (D.E. 1.) In fact, the University and Lake brought these errors to Plaintiff's attention in their original motion to dismiss. (D.E. 14 at 7-8.)

8

respectively. (D.E. 37 at 34-39.) Plaintiff has failed to allege plausibly the requisite elements of his Title IX claims, thereby warranting dismissal.

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To state a Title IX claim, "a plaintiff must allege (1) that [h]he was excluded from participation in, denied benefits of, or subjected to discrimination in an educational program; (2) that the exclusion was on the basis of sex; and (3) that the defendant receives federal financial assistance." *Palmer ex rel. Palmer v. Santa Rosa Cty., Fla., Sch. Bd.*, No. 3:05CV218/MCR, 2005 WL 3338724, at *4 (N.D. Fla. Dec. 8, 2005) (citations omitted). Further, a Title IX claim based on student-on-student sexual harassment requires that the harassment be "so severe, pervasive, and objectively offensive that it denied its victims the equal access to education that Title IX is designed to protect." *Sarver v. Jackson*, 344 Fed. Appx. 526, 529–30 (11th Cir. 2009) (quoting *Sauls v. Pierce Cty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005). Finally, a school official must have "actual notice of" and be "deliberately indifferent to" the harassment. *Id.*

Here, Plaintiff's Title IX claims fail to contain *any* allegations that Plaintiff was discriminated against "on the basis of sex." Dismissal is appropriate. *See, e.g.*, *Sarver v. Jackson*, 344 Fed. Appx. 526, 530 (11th Cir. 2009) (affirming dismissal of Title IX claim where the plaintiff failed to allege that the harassment "was on account of her sex" or that an appropriate school official "demonstrated any deliberate indifference to the matter").

Plaintiff's Title IX claim premised on "erroneous outcome" (Count VI) is even further deficient. The gravamen of Plaintiff's claim is that the University's investigation into Cameron's complaint against him was biased and procedurally irregular. (Am. Compl. ¶¶ 146-153.) Just last

9

year, however, the Honorable Robin Rosenberg dismissed s Title IX claim premised on similar allegations. *Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850, 2016 WL 7912944, at *3 (S.D. Fla. Nov. 23, 2016). The same result is appropriate here.

### IV. COUNT II FAILS TO STATE A CLAIM FOR DEFAMATION AGAINST WESTAWAY AND THE UNIVERSITY.

In Count II, Plaintiff purports to assert a claim for defamation against Westaway and attempts to hold the University liable for her alleged defamatory statements under a *respondeat superior* theory. (D.E. 37 at 28-30.)

As a threshold matter, a portion of this claim is time-barred by the statute of limitations.[8] The statute of limitations for defamation is two years. *MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*, No. 07-61624-CIV, 2009 WL 701003, at *2 (S.D. Fla. Mar. 16, 2009) (citing Fla. Stat. § 95. 11(4)(g)). Plaintiff filed his Complaint on January 3, 2017. (D.E. 1.) Any alleged defamatory statements that were made more than two years prior (*i.e.*, before January 3, 2015), are time-barred.

Further, dismissal is warranted because none of the alleged statements is defamatory. "The elements of a defamation claim are: (1) publication; (2) falsity; (3) defendant must act with knowledge or reckless disregard for the truth if the matter concerns a public official or with negligence if the matter concerns a private person; (4) actual damages; and (5) the statement must be defamatory." *Woodhull v. Mascarella*, No. 1:08CV151-SPM/AK, 2009 WL 1790383, at *3 (N.D. Fla. June 24, 2009). "Specific information must be provided to support these elements such as the identity of the speaker, the identity of the persons spoken to, the substance of the statements,

---

[8] Although the statute of limitations is an affirmative defense, it properly may be raised in a motion to dismiss if the face of the complaint indicates that the claim is time-barred. *Keira v. U.S. Postal Inspection Serv.*, 157 Fed. Appx. 135, 136 (11th Cir. 2005) (citations omitted).

and a time frame when the statements were made." *Id*. (citations omitted). Failure to include such information warrants dismissal. *Id*. *See also Morrison v. Univ. of Miami*, 1:15-CV-23856-UU, 2016 WL 3128604, at *6–7 (S.D. Fla. Mar. 21, 2016) (dismissing defamation claim with prejudice where plaintiff failed to identify the specific defamatory statements or how such statements were defamatory); *Sarver v. Jackson*, 344 Fed. Appx. 526, 529 (11th Cir. 2009) (affirming dismissal of defamation claim that "failed to identify any specific written or verbal statements attributed to the defendants"). Finally, the law is clear that "[w]here the court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in dismissing the complaint for failure to state a cause of action." *Rubin v. U.S. News & World Report, Inc.,* 271 F. 3d 1305, 1306 (11th Cir. 2001) (internal quotations and citation omitted) (affirming dismissal of defamation claim). Here, the statements of Westaway that are alleged to be defamatory are either matters of opinion or public record. Therefore, they cannot be defamatory as a matter of law.

Because Plaintiff has failed to state a claim for defamation against Westaway, it follows that the University cannot be vicariously liable for the alleged defamation: where the underlying claims of liability against the agent have been dismissed, there can be no liability imposed on the principal under the doctrine of *respondeat superior*. *Rogers v. Nacchio*, No. 05-60667-CIV, 2006 WL 7997562, at *16 (S.D. Fla. June 6, 2006). Thus, this claim should be dismissed with prejudice as to the University.

Even if the Court were to conclude that Plaintiff's allegations were sufficient to state a claim against Westaway for defamation, Plaintiff has failed to allege sufficient facts to hold the University vicariously liable for her alleged statements. For the University to be liable for the conduct of its employee, Plaintiff must allege sufficient facts to show that (1) the conduct was the kind the employee (here, Westaway) was employed to perform; (2) the conduct occurred during

11

the working hours and at the employee's location; and (3) the conduct was activated at least in part by a desire to serve the employer. *See Ayers v. Wal-Mart Stores, Inc.*, 941 F. Supp. 1163, 1168 (M.D. Fla. 1996). As the district court explained in *Peloso v. United States,* No. 10-80076-CIV, 2011 WL 902624, at *4 (S.D. Fla. Mar. 8, 2011), "[t]he First Amended Complaint does state that the alleged conduct 'occurred while [the] employees were acting *within the course and scope of their employment* with Defendant,' … but such a general and conclusory allegation is insufficient." (citing *Twombly,* 550 U.S. at 545). *See also Roggio v. City of Gardner,* No. 10-40076-FDS, 2011 WL 1303141, at *6 (D. Mass. Mar. 30, 2011) ("Conclusory statement that a person was acting as an agent or within the scope of employment are not entitled to any assumption of truth.").

Other than conclusory allegations that are not entitled to the presumption of truth, Plaintiff has not alleged (nor can he) that Westaway's alleged conduct was the kind of work she was employed to perform and that such conduct was in furtherance of the interests of the University. To the contrary, Plaintiff himself has alleged that Westaway was "fired because of what she did" *vis-à-vis* Plaintiff. (Am. Compl. ¶¶ 109.) Under these circumstances, this claim should be dismissed. *See Feagin v. Chinn*, No. 16-CV-24346-PCH, 2017 WL 384244, at *4 (S.D. Fla. Jan. 12, 2017) (dismissing vicarious liability claim against a university because the plaintiff failed to allege that the university hired the employee "for the purpose of engaging in this type of conduct [sexual harassment]—or even that it was a natural consequence of the activities that [the employee] *was* hired to carry out"); *Casey v. City of Miami Beach*, 789 F. Supp. 2d 1318, 1320 (S.D. Fla. 2011) (dismissing tort claims against employer based on employee's sexual battery of the plaintiff because such "actions were clearly outside the course and scope of [the employee's] employment").

### V. COUNT VIII FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST WESTAWAY AND THE UNIVERSITY.

In Count VIII, Plaintiff purports to assert a claim for intentional infliction of emotional distress against Westaway and attempts to hold the University liable for her alleged actions under a *respondeat superior* theory. (D.E. 37 at 40-41.) "Under Florida law, a claim for intentional infliction of emotional distress is established by conduct alleged to be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Walton v. Johnson & Johnson Servs. Inc.*, 203 F. Supp. 2d 1312, 1327 (M.D. Fla. 2002) (quoting *Metropolitan Life Ins. Co. v. McCarson,* 467 So. 2d 277, 278 (Fla. 1985)), *aff'd*, 347 F.3d 1272 (11th Cir. 2003). "[W]hether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is a *matter of law for the court*, not a question of fact." *Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1273 (M.D. Fla. 2016) (quoting *Griffin v. Polk Cty. Sheriff's Office,* 2009 WL 5171754, at *2 (M.D. Fla. Dec. 23, 2009) (emphasis in original). "[T]he standard for 'outrageous conduct' is extremely high and Florida courts have consistently rejected such claims in regard to sexual harassment cases." *Rumbel v. Suggs*, 908 F. Supp. 901, 903 (M.D. Fla. 1995).

In this case, the alleged conduct simply does not rise to the level of outrageousness necessary to sustain this claim. In *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371 (M.D. Fla. 1999), for example, the plaintiff alleged that her former employer's store manager "rubbed his penis across Plaintiff's posterior"; "rubbed his hand across Plaintiff's posterior and squeezed Plaintiff's posterior, commenting that he 'would like to get a piece of that'"; "told Plaintiff and a female co-worker that he would like to see the two women together in a sexual act"; commented that he was "hungry" and he wanted Plaintiff to "feed him" when he observed her breast feeding;

13

attempted to touch and rub Plaintiff's breasts; and asked the Plaintiff, who was attending school to become a massage therapist, "how much for a blow job" and "do you massage the nads." *Id*. at 1376. Recognizing that "'outrageous' conduct is usually something other than sexual discrimination or sexual harassment," the district court dismissed the claim with prejudice because the alleged "facts [did] not reach the necessary level of 'outrageousness' to survive the Motion to Dismiss." *Id*.

A similar result was reached in *Diaz-Martinez v. Miami-Dade Cty.*, No. 07-20914-CIV, 2009 WL 2970468 (S.D. Fla. Sept. 10, 2009). There, the plaintiff alleged that, during a press conference, the defendant announced the plaintiff's arrest and identified him as the "Bird Road Rapist." *Id*. at *14. The district court dismissed the plaintiff's claim for intentional infliction of emotional distress, concluding that those alleged actions were "not sufficiently outrageous to sustain" the claim. The allegations in *Ball* and *Diaz-Martinez* are far more severe than the allegations at issue here and were determined not to state a claim. Accordingly, Plaintiff has failed to a state this claim.

Even if the Court were to conclude that Plaintiff's allegations were sufficient to state a claim for intentional infliction of emotional distress against Westaway, Plaintiff has failed to allege sufficient facts to hold the University vicariously liable for such actions. Instead, all Plaintiff offers are conclusory allegations that Westaway's actions were within the course and scope of her employment. As explained above, such allegations are insufficient as a matter of law to impute liability to the University. For both of these reasons, this claim should be dismissed with prejudice as to the University.

## VI.    COUNT IX FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY AGAINST WESTAWAY AND THE UNIVERSITY.

In Count IX, Plaintiff purports to assert a claim for invasion of privacy against Westaway and attempts to hold the University liable for her alleged actions under a *respondeat superior* theory. (D.E. 37 at 41-42.) Not only has Plaintiff failed to state a claim against Westaway, but he also has failed to plead sufficient facts to support a vicarious liability claim against the University.

To state a claim for invasion of privacy through the publication of private facts, a plaintiff must allege that (1) the disclosure was public; (2) private facts were discussed; (3) the matter publicized was highly offensive to a reasonable person; and (4) the matter is not a legitimate concern to the public. *Morrison v. Morgan Stanley Props.,* No. 06-80751-Civ, 2007 WL 2316495, at *5 (S.D. Fla. Aug. 9, 2007). Further, the disclosure must be of *true* but private facts. *Cape Publ'ns. v. Hitchner*, 549 So. 2d 1374, 1379 (Fla. 1989).

Here, Plaintiff's own allegations doom his claim. The thrust of Plaintiff's Amended Complaint is that Westaway published *defamatory* (*i.e.*, untrue) statements about him. Thus, this claim necessary fails. *Tyne ex rel. Tyne v. Time Warner Entm't Co., L.P.,* 204 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002) (granting summary judgment on invasion-of-privacy claim because the claim requires the disclosures to be of true facts but plaintiffs argued that the disclosures were "fabricated and false"), *aff'd sub nom.*, *Tyne v. Time Warner Entm't Co., L.P.*, 425 F.3d 1363 (11th Cir. 2005). Further, given that Westaway's alleged statements were made to the media, the matter clearly was of concern to the public. Thus, Plaintiff has failed to allege a claim for invasion of privacy against Westaway and, by extension, the University.[9]

---

[9] Further, as discussed above, Plaintiff cannot hold the University liable under a vicarious liability theory based on his conclusory allegation that Westaway was acting within the course and scope of her employment.

15

**VII.   COUNT XI FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY AGAINST LAKE AND THE UNIVERSITY.**

In Count XI, Plaintiff purports to assert a claim for invasion of privacy against Lake and attempts to hold the University liable for her alleged actions under a *respondeat superior* theory. (D.E. 37 at 43-44.) This claim suffers from the same deficiencies that exist in Plaintiff's invasion of privacy claim against Westaway (Count IX), and dismissal is warranted on those same grounds.

In fact, this claim is ever more deficient because Plaintiff has failed to allege *any* disclosure by Lake of *any* private (and true) facts about Plaintiff. To be clear, the only disclosures alleged to have been made by Lake are that, on December 4, 2014, he was quoted in the Miami Hurricane student newspaper that the hardest part of his job is taking a step back, that he feels emotionally connected to his work and that a school can lose funding for failing to comply with Title IX. (Am. Compl. ¶¶ 74-76.) The article in which Lake purportedly was quoted does not even mention Plaintiff by name. (*Id.*) Clearly, there has been no invasion of privacy on the part of Lake (and, by extension, the University).[10]

Finally, even crediting Plaintiff's allegations, this claim is time-barred as to Lake. Like defamation, a claim for invasion of privacy is subject to a two-year statute of limitations. *Moll v. Blair*, 985 So. 2d 1132 (Fla. 1st DCA 2008) (citing *Gannett Co. v. Anderson*, 947 So. 2d 1, 8 (Fla. 1st DCA 2006)). Lake's alleged disclosures were made on December 4, 2014 - - more than two years before Plaintiff commenced this action on January 3, 2017 (D.E. 1). As a result, this claim properly should be dismissed.

---

[10]   Plaintiff's attempt to hold the University vicariously liable for Lake's alleged actions suffers from the same deficiencies as his attempts to hold the University liable for Westaway's alleged actions. It cannot plausibly be argued that Lake's alleged actions were committed within the course and scope of his employment with the University but that the University asked him to resign for those actions. (Am. Compl. ¶ 109.)

## CONCLUSION

Like the original Complaint, the Amended Complaint fails to state a claim upon which relief can be granted, notwithstanding its extraordinary length and scandalous portrayal. Therefore, the Amended Complaint properly should be dismissed as set forth above. Because the Court has provided Plaintiff ample opportunity to attempt to state a claim, dismissal with prejudice is appropriate at this stage. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (affirming dismissal with prejudice after plaintiff "failed to correct the deficiencies" of her earlier complaint).

WHEREFORE, Defendants, the University of Miami and William Anthony Lake, respectfully request that the Court dismiss Plaintiff's Amended Complaint as set forth above; award them their attorneys' fees and costs incurred in connection herewith; and grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 9th day of June, 2017, upon the following:

| **Via CM/ECF:**<br>Lonnie B. Richardson, Esq.<br>Lonnie B. Richardson, PA.<br>690 Lincoln Road, Suite 204<br>Miami Beach, Florida 33139<br>Tel: (305) 603-1323<br>Fax: (305) 428-9539<br>E-mail: Officelonnierichardson@gmail.com<br>E-mail: info@lonnielawyer.com<br><br>*Counsel for Plaintiff, David Jia* | **Via U.S. Mail and e-Mail:**<br>Katharine Westaway, *pro se*<br>818 Navajo Drive<br>Jefferson City, Tennessee 37760<br>E-mail: bwestawa@gmail.com<br><br>**Via U.S. Mail:**<br>Angela Cameron, *pro se*<br>1211 Dickinson Drive, Apt. 373<br>Miami, Florida 33146 |
|---|---|

        By: /s/ Eric D. Isicoff
            Eric D. Isicoff