FILED by PG D.C.

JUN 16 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DISTRICT

DAVID JIA,

                Plaintiff,

v.

Case No. 1:17-CV-20018-DGG

UNIVERSITY OF MIAMI, a not-for-profit
corporation, et al.,

                Defendants.

## BRIEF OF KATHARINE WESTAWAY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant, Katharine Westaway, files this memorandum of law in support of her motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Background

The Plaintiff, David Jia, was formerly a student at the University of Miami (the "University").

In the complaint, Jia contends that Angela Cameron, another student at the University, falsely accused him of sexual assault during the spring of 2014.

The University held a disciplinary hearing in connection with the allegation. Defendant Anthony Lake presided at the hearing. At the conclusion of the hearing, the University, made a finding that Jia had engaged in "Relationship and/or Intimate Partner Violence and Sexual Assault/Battery" with respect to Cameron, as defined in the University of Miami Student Rights and Responsibilities Handbook.

Defendant Katharine Westaway is a former professor of women's and gender studies at the University. While at the University, Westaway organized an event called "Canes Consent,"

which was intended to promote the concept that only consensual sexual interactions should ever occur.

On January 3, 2017, Jia filed a complaint with the Court against the University, Cameron, Westaway and Lake. The complaint raises numerous claims based on breach of contract, defamation, intentional infliction of emotional distress, and invasion of privacy.

On May 12, 2017, Jia filed an Amended Complaint in response to several motions to dismiss pursuant to Rule 12(b)(6) filed by the Defendants.

## ARGUMENT

I.   **It is proper to dismiss Count 2 of the Complaint for failure to state a claim.**

Count 2 of the complaint alleges that Westaway defamed Plaintiff Jia. It is proper to dismiss this count because the complaint for several reasons.

First, the count fails to satisfy the required elements for defamation. The elements of a cause of action for defamation are: (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) the falsity of the statement caused injury to the plaintiff. Bass v. Rivera, 826 So.2d 534, 535 (Fla. 2nd DCA 2002); Valencia v. Citibank Int'l, 728 So.2d 330, 330 (Fla. 3d DCA 1999).

Florida cases dealing with defamation have consistently held that a cause of action cannot be maintained unless it is shown that the libelous statements are "of and concerning" the plaintiff. Thomas v. Jacksonville Television, Inc., 699 So. 2d 800, 805 (Fla. Dist. Ct. App. 1997); McIver v. Tallahassee Democrat, Inc., 489 So.2d 793, 794 (Fla. 1st DCA); Hay v. Independent Newspapers, Inc., 450 So.2d at 294.

The complaint does not allege that Westaway made statements that were clearly identifiable as to Jia. Specifically, the complaint alleges that Westaway made the following statements:

2

A. Help us get Angela Cameron's rapist expelled before he graduates on May 8! Sign and share the petition: http://bit.ly/1l09Vw2 (05/08/15)

B. A terrible miscarriage of justice has happened at the University of Miami. Hello, my name is Dr. Katharine Westaway, I'm a former National Organization for Women state board member, member of the University of Miami President's Task Force on Sexual Violence Prevention and Education, and professor of Women's and Gender Studies at the University of Miami. Tuesday my class held Canes Consent, a fundraiser for The Women's Fund and an event to eradicate sexual assault on our campus—the University of Miami. One of the speakers was a UM student, Angela Cameron, who was raped so violently that a disk in her back broke. She now suffers from spinal stenosis, PTSD, major depression and anxiety. Her rapist was found guilty by UM of intimate partner violence and rape but his sentence was ONLY a ONE-SEMESTER suspension! So now she is forced to walk the campus with her predator. And in retribution her rapist found her in the theater two weeks ago and beat her until she was almost unconscious. We as a class are demanding that this student be expelled and not be allowed to graduate from the University of Miami. Please send this paragraph far and wide on your social network and email, we're trying to get 50,000 signatures by Tuesday. Here is the link to the petition my class started: https://secure.avaaz.org/en/petition/University_of_Miami_We_call_ on_you_expel _Angela_Camerons_rapist_and_assailant/? Please help me and my students with this campaign, we can't steer this ship alone.

In solidarity, Dr. Katharine Westaway and the students of Intro to Women's and Gender Studies

(04/23/15 KATHARINE WESTAWAY'S email to students promoting petition)

C. A student was raped on my campus and the rapist only got a one-semester suspension. Please sign the petition in my bio to get this predator expelled. (04/25/15 Instagram)

D. I teach about sexual assault but now I'm involved in helping a victim whose perpetrator may graduate in a few weeks. Please help get him expelled by signing the petition in my bio. (04/27/15 Instagram)

E. There is Still a rapist on UM's campus who's set to graduate. Please tweet #JusticeforAngela and sign the petition in my bio on (04/28/15 Instagram)

F. The Justice for Angela campaign to get a rapist off UM's campus continues. Please sign the petition on my bio. (4/28/15 Instagram)

3

> G. It's bitterly, bitterly ironic that [Angela Cameron] received the same punishment that a rapist and batterer would receive. I don't think she deserved it," Westaway said. (http://www.themiamihurricane.com/2016/01/13/professor-katharine-westaway-asked-not-to-return-passing-torch/

As indicated above, Westaway was very careful to *not* mention Jia in any of her statements concerning the alleged rape of Cameron on the University campus. Instead, the above statements show a pattern of conduct of specifically *excluding information* concerning Jia's name or identity.

Second, the definition of defamation requires the publication of a *false statement*. Bass v. Rivera, 826 So.2d 534, 535 (Fla. 2nd DCA 2002); Valencia v. Citibank Int'l, 728 So.2d 330, 330 (Fla. 3d DCA 1999). The complaint indicates that the University found Jia guilty of "Sexual Assault/Battery" and "Relationship and/or Intimate Partner Violence," following a hearing on June 24, 2014. Complaint, ¶¶ 59, 68-69. Thus, according to the face of the complaint, Westaway's alleged statements described a fact -- that a person *found guilty of rape* -- not identified as Jia -- remained on campus. As a matter of law, the statements do not meet the definition of defamation.

Third, dismissal of Count 2 is warranted because Westaway's statements were matters of opinion. Westaway was simply protesting the University's handling of the conviction. Her statements describe *her opinion* that it was wrong to allow a person found guilty of rape to remain on campus.

For the foregoing reasons, it is proper to dismiss Count 2 of the complaint as to Westaway.

4

II. **It is proper to dismiss Count 8 of the Complaint as to Westaway because her alleged conduct does not qualify as intentional infliction of emotional distress.**

Count 8 alleges a claim against Westaway based on intentional infliction of emotional distress. It is proper to dismiss this Count of the complaint for failure to state a claim.

To state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant engaged in conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Metropolitan Ins. Co. v. Carson, 467 So.2d 277, 279 (Fla. 1985).

As explained above, *none* of the statements allegedly made by Westaway are identifiable as to Jia. Furthermore, Westway was simply *repeating facts* concerning the outcome of the University's disciplinary hearing which were, in fact, true.

The facts of this case are similar to those in Diaz-Martinez v. Miami-Dade Cty., No. 07-20914-CIV, 2009 WL 2970468 (S.D. Fla. Sept. 10, 2009). There, the plaintiff alleged that, during a press conference, the defendant announced the plaintiff's arrest and identified him as the "Bird Road Rapist." Id. at *14. The district court dismissed the plaintiff's claim for intentional infliction of emotional distress, concluding that those alleged actions were "not sufficiently outrageous to sustain" the claim.

It is therefore proper for the Court to dismiss Count 8 with respect to Westaway.

III. **It is proper to dismiss the invasion of privacy count against Westaway (Count 9) for failure to state a claim.**

Count 9 alleges that Westaway invaded Jia's privacy by allegedly helping to give Jia's name to the media. It is proper for the Court to dismiss this count for failure to state a claim.

To state a claim for invasion of privacy, it is necessary for the Plaintiff to satisfy the following definition:

5

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> > (a) would be highly offensive to a reasonable person, and
> >
> > (b) is not of legitimate concern to the public.

Restatement (Second) of Torts § 652D (1977).

In this case, Jia fails to satisfy the second prong of the definition. According to Florida case law, the public had a right to know more information about Jia because he had been accused of committing a violent crime on the University of Miami campus. According to the Florida Supreme Court:

> The right of privacy does not prohibit the publication of matter which is of legitimate public or general interest. At some point the public interest in obtaining information becomes dominant over the individual's desire for privacy. It has been said that the truth may be spoken, written, or printed about all matters of a public nature, as well as matters of a private nature in which the public has a legitimate interest." Cason v. Baskin, 155 Fla. 198, 215-16, 20 So.2d 243, 251 (1944) (quoting 41 Am.Jur. 935). And further:
>
> [T]he right of privacy does not forbid the publication of information that is of public benefit, and the right does not exist as to persons and events in which the public has a rightful interest. Harms v. Miami Daily News, Inc., 127 So.2d 715, 717 (Fla. 3d DCA 1971). The public's right to know assumes special importance where judicial proceedings are concerned.

Cape Publications, Inc. v. Hitchner, 549 So. 2d 1374, 1377–78 (Fla. 1989).

The drafters of the Restatement (Second) of Torts recognized this exception to claims for invasion of privacy. The comments to the Restatement include the following explanation of the exception:

> When the matter to which publicity is given is true, it is not enough that the publicity would be highly offensive to a reasonable person. The common law has long recognized that the public has a proper interest in learning about many matters. When the subject-matter of the publicity is of legitimate public concern, there is no invasion of privacy.
>
> * * *
> .

6

> There are . . . individuals who have not sought publicity or consented to it, but through their own conduct or otherwise have become a legitimate subject of public interest. They have, in other words, become "news." Those who commit crime *or are accused of it* may not only not seek publicity but may make every possible effort to avoid it, but they are nevertheless persons of public interest, concerning whom the public is entitled to be informed.
>
> Illustrations:
>
> **13. A is tried for murder *and acquitted*. During and immediately after the trial, B Newspaper publishes daily reports of it, together with pictures and descriptions of A and accounts of his past history and daily life prior to the trial. *This not an invasion of A's privacy*.**
>
> 14.  A is run down in the street by an automobile and taken to a hospital. B newspaper publishes an account of the accident, together with a picture of A taken by a reporter after the event. This is not an invasion of A's privacy.
>
> 15.  A, a girl twelve years old, gives birth to a child. B Newspaper publishes a report of the event, together with a picture of A and her child. This is not an invasion of A's privacy. . . .
>
> Permissible publicity to information concerning either voluntary or *involuntary public figures* is not limited to the particular events that arouse the interest of the public. That interest, once aroused by the event, may legitimately extend, to some reasonable degree, to further information concerning the individual and to facts about him, which are not public and which, in the case of one who had not become a public figure, would be regarded as an invasion of his purely private life. **Thus the life history of one accused of murder, together with such heretofore private facts as may throw some light upon what kind of person he is, his possible guilt or innocence, or his reasons for committing the crime, are a matter of legitimate public interest.** (See Illustration 13 above).

Restatement (Second) of Torts § 652D (1977) (comments) (emphasis added).

Westaway denies giving the media Jia's name. She did not know who the perpetrator was (and specifically did not want to know) until the name was published in a Miami newspaper. However, if we assume that the allegations in the complaint are true, then the complaint fails to state a claim for invasion of privacy because the public had the right to know private facts concerning Jia's life.

7

There are still other reasons for dismissing this count. According to the Florida law, a claim for invasion of privacy must allege that the defendant publicized a *true* fact about the plaintiff which was objectionable. Cape Publ'ns. v. Hitchner, 549 So. 2d 1374, 1379 (Fla. 1989).

Here, Plaintiff's own allegations doom his claim. The thrust of Plaintiff's Amended Complaint is that Westaway published *defamatory* (*i.e.*, untrue) statements about him. Thus, this claim necessary fails. Tyne ex rel. Tyne v. Time Warner Entm't Co., L.P., 204 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002) (granting summary judgment on invasion-of-privacy claim because the claim requires the disclosures to be of true facts but plaintiffs argued that the disclosures were "fabricated and false").

It is therefore proper for the Court to dismiss Count 9 of the complaint with respect to Westaway.

### IV. It is proper to dismiss the conspiracy count against Westaway (Count 10) because Jia has failed to state a claim against Westaway for any other cause of action.

Count 10 of the complaint alleges that Westaway and Cameron conspired to defame the Plaintiff, and possibly invade his privacy. Under Florida law, there cannot be a civil action for conspiracy without some underlying, independent tort. Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So. 2d 949, 950–51 (Fla. Dist. Ct. App. 1984); Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981).

As explained above, Jia has failed to state a claim against Westaway for either defamation or invasion of privacy. It is therefore proper to dismiss the conspiracy count as to Westaway. See Thomas v. Patton, No. 162005CA003777XXXXMA, 2005 WL 3048033, at *4 (Fla. Cir. Ct. Oct. 21, 2005) ("Without defamation, there can be no conspiracy to defame.").

\* \* \*

WHEREFORE, for the reasons set forth above, Katharine Westaway respectfully requests that this Honorable Court dismiss the Complaint in its entirety for failure to statement a claim as to Katharine Westaway.

>Respectfully submitted,
>
>By: *Katharine Westaway*
>Katharine Westaway
>
>818 Navajo Drive
>Jefferson City, TN  37760
>Phone: 865 282-0166
>E-mail: bwestaway@gmail.com

## CERTIFICATE OF SERVICE

I, Katharine Westaway, hereby certify that I served a true and correct copy of the foregoing Motion to Dismiss on the following persons in the manner set forth below:

a) <u>On the filing date of this document by means of email</u>:

    Eric David Isicoff
    Isicoff@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

    Teresa Ragatz
    Ragatz@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

    Lonnie Brian Richardson
    Officelonnierichardson@gmail.com
    *Counsel for the Plaintiff*

    Christopher Michael Yannuzzi
    yannuzzi@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

b) by U.S. Mail to
    Ms. Angela Cameron
    3162 Connadore Plaza
    Apt 407
    Miami, FL  33133

                                                      /s/ Katharine Westaway
                                                      Katharine Westaway

## CERTIFICATE OF SERVICE

I, Katharine Westaway, hereby certify that I served a true and correct copy of the foregoing Brief on the following persons in the manner set forth below:

a) <u>Via email</u>:

    Eric David Isicoff
    Isicoff@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

    Teresa Ragatz
    Ragatz@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

    Lonnie Brian Richardson
    Officelonnierichardson@gmail.com
    *Counsel for the Plaintiff*

    Christopher Michael Yannuzzi
    yannuzzi@irlaw.com
    *Counsel for the University of Miami*
     *and William Anthony Lake*

b) by U.S. Mail to
    Ms. Angela Cameron
    3162 Connadore Plaza
    Apt 407
    Miami, FL  33133

*/s/ Katharine Westaway*
Katharine Westaway



