UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-20018-GAYLES/TURNOFF

DAVID JIA,
    Plaintiff,
vs.

UNIVERSITY OF MIAMI, a not-for-profit
corporation; ANGELA CAMERON;
KATHARINE WESTAWAY, in her official
and individual capacities; and WILLIAM
ANTHONY LAKE, in his official and
individual capacities,

    Defendants.
_____/



## ANGELA CAMERON'S RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Angela Cameron ("Cameron"), hereby serves its responses and objections to the First Request for Production propounded by Plaintiff, David Jia.

### General Objections

A. Cameron objects to the definitions and instructions contained in Plaintiff's First Request for Production to the extent that they seek to impose duties, responsibilities, requirements and/or obligations that exceed or are different from those imposed by applicable rules. In particular, Cameron objects to the ESI-related instructions, including the request for a "Rule 26(f) conference," which is improper at this late date; the parties already held their scheduling conference in July 2017 and at no time was ESI discovery discussed. Accordingly, Cameron will produce responsive documents in PDF format when possible.

B. Cameron objects to the requests to the extent they seek the disclosure of (i) documents or information relating to communications between Cameron and previous legal counsel; (ii) documents or information to which the attorney-client privilege otherwise pertains; (iii) documents or information which were prepared for or in anticipation of litigation or otherwise contain or relate to work product; and/or (iv) documents or information which are subject to any common law, statutory or regulatory proscription or exemption from discovery. No such documents or information will be provided, and any inadvertent disclosure or partial disclosure thereof shall not be deemed a waiver of any privilege or protection applicable to such information.

C. Cameron construes each request not to seek, and to state that no privilege log is required for, legal memoranda, drafts of pleadings, notes, documents selected and assembled by Cameron for the purpose of preparing to represent or representing herself in this matter or to assert any claims on her behalf, documents prepared or selected and assembled by Cameron for the purpose of preparing court pleadings and other papers, or documents and communications that have come into existence because of anticipated or actual litigation. In other instances where a privilege is asserted, a privilege log will be furnished at a mutually-agreeable time and location.

D. Cameron objects to the requests insofar as they are vague, overbroad, unduly burdensome and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

E. Each of the following responses is given subject to the foregoing general objections.

## Specific Responses and Objections

**1. All documents identified in your initial disclosures.**

Response: Cameron will produce documents in her possession, custody or control that are responsive to this request.

**2. All documents that refer to, that were directed to, or that were received from the Plaintiff.**

Response: Cameron objects to this request because it is overly broad, is unduly burdensome, seeks documents neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from disclosure by FERPA, attorney-client privilege and/or the work-product doctrine. The request is unlimited in subject matter and would encompass all documents that "refer" to Plaintiff.

**3. All documents related to your complaints against David Jia in 2014 and 2015.**

Response: Cameron objects to this request because it is overly broad, is unduly burdensome, and seeks documents that are protected from disclosure by FERPA, attorney-client privilege and/or the work-product doctrine. Subject to the foregoing objection Cameron will produce documents in her possession, custody or control that are responsive to this request.

**4. All documents related to David Jia's complaints against you in 2015.**

Response: Cameron objects to this request because as phrased, it would include documents protected from disclosure by the work-product doctrine, attorney-client privilege and/or FERPA.

5. **All documents related to Canes Consent activities/events, Justice for Angela activities/events, and the petition.**

   Response: Cameron will produce documents in her possession, custody or control that are responsive to this request.

6. **All of your medical records from the beginning of 2014 until present.**

   Response: Cameron objects to this request because it is overly broad, is unduly burdensome, seeks documents neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents protected from disclosure by HIPPA and/or the work-product doctrine.

7. **All communications (Meetings, Texts, Phone Calls, Emails, Social Media Messages, etc.), involving any of the following parties:**

   a. Tony Lake
   b. Steven Priepke
   c. Patricia Whitely
   d. Ricardo Hall
   e. Katharine Westaway
   f. Maria Julia Sevilla
   g. Former University President Donna Shalala
   h. Other Deans and Deans' Assistants who may have had any involvement, including but not limited to:

       i. Nicole J Abramson
       ii. Nancy Alarcon Del Pozzo
       iii. Dayle W. Wilson

   i. Everyone who may have been involved in Title IX investigations and/or Staff Disciplinary investigations, including but not limited to:

       i. David Birnbach
       ii. Wilhelmina Black
       iii. Roy Hinds

   j. Police and security officials who were involved in all matters related to the Complaint.
   k. Anyone in the media (news reporters, journalists, editors, etc.)
   l. All of Angela Cameron's "witnesses" from the 2014 and 2015 hearings
   m. Anyone who works for University and is related to you as a family member, extended family member and/or family friend
   n. All other University faculty who you may have spoken to about anything related to this entire case
   o. All other students and friends who you may have spoken to about anything

related to this entire case

Response: Cameron objects to this request because it is overly broad, is unduly burdensome, seeks documents neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from disclosure by FERPA, HIPPA, the work-product doctrine and attorney-client privilege. As phrased, the request would also include information not relevant to this lawsuit (e.g. Cameron's financial aid). Subject to the foregoing objections, Cameron will produce non-privileged documents and communications in her possession, custody or control regarding the matters alleged in this lawsuit.

8. **All social media posts, tweets, status updates, etc. (from Twitter, Instagram, Facebook, etc.) relevant to this case (whether they directly reference Jia or not)**

Response: Cameron will produce documents in her possession, custody or control that are responsive to this request.

Respectfully Submitted,

By: /s/ Angela Cameron
Angela Cameron
2601 NW 207th St.
Crystal Lake Apartments #207
Miami Gardens, Fl. 33056
305-401-1548
Angela.cameron1223@yahoo.com

**CERTIFICATE OF SERVICE**

| Via e-Mail:<br>Lonnie B. Richardson, Esq.<br>Lonnie B. Richardson, PA.<br>690 Lincoln Road, Suite 204<br>Miami Beach, Florida 33139<br>Tel: (305) 603-1323<br>Fax: (305) 428-9539<br>Email: Officelonnierichardson@gmail.com<br>Email: Info@lonnielawyer.com<br><br>*Counsel for Plaintiff, David Jia* | Via e-Mail:<br>Isicoff, Ragatz & Koenigsberb<br>601 Brickell Key Drive, Suite 750<br>Miami, Florida 33131<br>Tel: (305) 373-3232<br>Fax: (305) 373-3233<br>Email: lsicoff@irlaw.com<br>Email: Ragatz@irlaw.com<br>Email: Yannuzzi@irlaw.com<br><br>*Counsel for Defendants, University of Miami and Anthony Lake* |
|---|---|
| Via e-Mail:<br>Dwon Huggins, Esq.<br>P.O. Box 821802<br>South Florida, FL. 33082<br>Tel: 954-854-9781<br>Email: dwonhuggins@yahoo.com<br>Counsel for Defendant, Katharine Westaway | |

By: /s/ Angela Cameron
Angela Cameron